TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Leslie Love*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

### PHOENIX DIVISION

| | |
|---|---|
| Leslie Love, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Recovery Partners, LLC | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, LESLIE LOVE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of San Tan Valley, Pinal County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Recovery Partners, LLC, which is an Arizona company and maintains its registered agent in the City of Phoenix in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Arizona Digestive Health in the amount of $1,283.75.

2

6. Mr. Love does not owe this debt.  He previously paid Arizona Digestive Health $312.00, and the remainder of the balance is not his obligation to pay.

7. Sometime in or around March of 2015, Defendant called Plaintiff's parents' home.  Defendant spoke with Plaintiff's father and disclosed that it had an outstanding notice for him.  In response, Plaintiff's father told Defendant that it was calling the wrong person.  This did not stop Defendant from calling Plaintiff's parents repeatedly in an attempt to collect the debt.

8. In March of 2015, Mr. Love called Arizona Digestive Health and confirmed with a representative that he owed nothing on his account.

9. Sometime at the beginning of April of 2015, Plaintiff called Defendant and spoke with a representative named Johnathan Vargas.  Mr. Love told Mr. Vargas that Defendant was calling his father and asked that Defendant stop all further calls.  Plaintiff also informed Mr. Vargas that he did not owe the alleged debt.  Mr. Vargas assured Mr. Love that he would update his records.

10. On or about April 14, 2015, Mr. Vargas sent Plaintiff an e-mail, asking him to send him all documents that would assist him in determining whether charges should be billed to him.  This e-mail did not disclose that Defendant is a debt collector, pursuant to the FDCPA.

11. On or about April 15, 2015, Mr. Love replied to Mr. Vargas' e-mail and attached a copy of his divorce decree as well as an invoice from Arizona

Digestive Health, showing that he paid $312.00 towards the alleged debt and that he owed nothing further.

12. On or about April 15, 2015, Defendant sent Mr. Love a letter, attempting to collect the alleged debt.  Defendant sent the letter to Mr. Love's parents' house.

13. On or about April 22, 2015, Mr. Love sent an e-mail to Mr. Vargas, indicating that he received a notice from Defendant at his parents' house and again asked Defendant to remove his parents' address from its system.

14. On that same day, Mr. Vargas sent Mr. Love a response to his above e-mail, apologizing for the letter that was sent to his parents' house.  The e-mail indicated that no response had been received from its client and asked Mr. Love to allow up to a week for a response from its client.  This e-mail again failed to identify Defendant as a debt collector.

15. On or about April 29, 2015, Defendant sent Mr. Love an e-mail with an attachment that contained a letter dated April 28, 2015, now attempting to collect $1,595.84 on a new account with account number 998871.  This is the first letter that Mr. Love received from Defendant regarding account number 998871, and there were no 30-day validation notice rights as required by the FDCPA.  Attached to this letter was proof that Mr. Love owed nothing to Arizona Digestive Health.

4

16. On or about April 29, 2015, and in response to the above e-mail, Mr. Love e-mailed Defendant, asking it to explain its above invoice for $1,595.84 since Defendant's own attachment to the invoice revealed that Plaintiff in fact owed nothing to Arizona Digestive Health.

17. On or about April 29, 2015, Defendant sent Mr. Love a response to the above e-mail claiming a "collection fee" balance owed in the amount of $99.87.  The Defendant also stated that Plaintiff owed a current balance of $1,183.88 for a total balance on both accounts in the amount of $1,283.75.  This amount is contrary to the above notice that Defendant sent, stating that he owed it $1,595.84.  In addition, Defendant failed to identify itself as a debt collector in this e-mail again, in violation of the FDCPA.

18. On or about April 29, 2015, Plaintiff sent Defendant an e-mail in response to the above e-mail, indicating that he was not convinced that the charges were accurate.

19. Defendant continued to call Plaintiff's parents' home attempting to collect a debt that Defendant claimed against Plaintiff.

20. On or about May 1, 2015, Plaintiff obtained a Trans Union credit report and noticed that Defendant reported its trade line with a balance of $1,184.00.

21. On or about May 4, 2015, Mr. Love sent Mr. Vargas an e-mail, indicating that he reviewed the records from Defendant, which showed that he owed nothing to

Defendant's client.  Plaintiff also disputed Defendant's trade line and requested that Defendant remove it.  In response, Defendant replied that Plaintiff's current balance was $1,283.75, that his account would be considered a "refusal to pay," and that it would remain in collections until the balance was satisfied.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff reincorporates the preceding allegations by reference.

23. At all relevant times and in the ordinary course of its business, Defendant regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

24. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

25. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law as Mr. Love never agreed to pay any collection fee.

   b. 15 U.S.C. §1692e(11) by failing to disclose in subsequent communications that the communication is from a debt collector by

6

failing to identify itself as a debt collector in every e-mail communication it sent Mr. Love.

c.  15 U.S.C. §1692g(a)(3) by failing to provide Mr. Love with a statement within five days of its initial communication with Plaintiff stating that unless the consumer, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be  assumed to be valid by the debt collector.  Defendant failed to provide this statement to Mr. Love in its initial letter that it sent to him dated August 28, 2015, regarding account number 998871.

d.  15 U.S.C. §1692g(a)(4) by failing to provide Mr. Love with a statement within five days of the initial communication stating that if the consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector would obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment would be mailed to the consumer by the debt collector.

e.  15 U.S.C. §1692g(a)(5) by failing to provide Mr. Love with a statement within five days of the initial communication stating that, upon the consumer's written request within the thirty-day period, that the debt

collector would provide the consumer with the name and address of the original creditor, if different from the current creditor.

f.   15 U.S.C. §1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt by phone calls and sending letters to Mr. Love's parents.

g.   15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Mr. Love, as detailed in the General Allegations above.

27. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.


**WHEREFORE, PLAINTIFF PRAYS** that this Court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## <u>PRAYER FOR RELIEF</u>

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendant:

a.   Actual damages.

b.   Statutory damages.

c.   Statutory costs and attorneys' fees.

## <u>JURY DEMAND</u>

8

1    Plaintiff hereby demands a trial by Jury.

2

3

4   DATED: May 19, 2015                    KENT LAW OFFICES

5

6                                          By: __/s/  Trinette G. Kent_____

7                                          Trinette G. Kent

8                                          Attorneys for Plaintiff,
                                           Leslie Love
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1